## 24171

In the Matter of Robert HOLT, Respondent.

(451 S.E. (2d) 884)

Supreme Court

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Gedney M. Howe, III,* of *Gedney M. Howe, III, P.A.,* of Charleston, *for respondent.*

Heard Oct. 5, 1994.

Decided Dec. 12, 1994.

*Per Curiam:*

This grievance proceeding arose from attorney Robert Holt's (Holt's) involvement in a fatal car accident. He has been charged with (1) the conviction of felony driving under the influence, a serious crime and (2) the use of cocaine. This Court previously temporarily suspended Holt's license to practice law. We now find indefinite suspension to be the appropriate sanction.

### SERIOUS CRIME

On the evening of February 6, 1991, Holt consumed a quantity of alcohol, after which he was involved in an automobile accident resulting in the death of the other vehicle's driver.

Laboratory work performed at the hospital on the night of the accident indicated Holt's blood alcohol level was .28. Holt was subsequently indicted and pled guilty to causing death by a motor vehicle (felony DUI), pursuant to S.C. Code Ann. § 56-5-2945 (1991). He was sentenced to imprisonment for five years.

## USE OF COCAINE

The hospital's laboratory findings on the night of the accident revealed the presence of cocaine in Holt's bloodstream. Further, other testimony presented at the Panel hearing indicated that on May 15, 1989, as well as on several other occasions, Holt used cocaine.

On the basis of his criminal conviction for felony DUI, the Panel recommended that Holt be suspended for six months upon completion of his entire criminal sentence. No finding was made as to the cocaine. The Executive Committee (Committee) not only adopted the Panel's findings of fact and conclusions of law, but found, further, that Holt did, on more than one occasion, use cocaine. Six members of the Committee recommended indefinite suspension, the two others recommended disbarment.

This Court has the sole authority to discipline attorneys and to decide the appropriate sanction. *Matter of Solomon*, 307 S.C. 1, 413 S.E. (2d) 808 (1992). Here, the crime to which Holt pled guilty resulted in the loss of human life. It constitutes a serious crime as defined by Paragraph 2(P) of Rule 413, SCACR. Holt's possession and use of cocaine are acts involving moral turpitude. His conduct adversely reflected upon his fitness to practice law and tended to bring the courts and the legal profession into disrepute.

Accordingly, Holt is indefinitely suspended from the practice of law, commencing with the date of this opinion. Within fifteen (15) days of the date of this opinion, Holt shall file an affidavit with he Clerk of Court showing compliance with Paragraph 30 of Rule 413, SCACR.

Indefinitely suspended.