503 S.E.2d 464

**In the Matter of Stephen English HUNTER, Respondent.**

**No. 24815.**

Supreme Court of South Carolina.

Submitted June 9, 1998.
Decided July 13, 1998.

Stephen English Hunter, Greenville, pro se respondent.

Henry B. Richardson, Jr., Columbia, Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to be disbarred from the practice of law. We accept the agreement and disbar respondent.

## Cynthia Schaaf Matter

Respondent represented Cynthia Schaaf regarding a real estate refinancing transaction beginning in February 1998. The refinancing plan called for the payoff of certain debts, including a $21,259.61 payoff of a mortgage or home equity loan held by First Union Mortgage Corporation ("First Union"). On March 2, 1998, respondent received $70,000.00 relating to this transaction into his law firm trust account. Although respondent was supposed to use these funds in part to pay the debt owed to First Union, this payment was not made. Instead, respondent misappropriated $20,000.00 and used the money to purchase personal investments such as stocks and bonds through an online investing company. A check dated March 30, 1998 in the amount of $376.92 was apparently paid to First Union to cover one or two monthly payments on the loan. It was not until May 5, 1998 that respondent paid off Schaaf's debt to First Union with a check for $20,976.04. Additionally, respondent admits that he misappropriated $20,557.76 of an unidentified client's funds to pay most of the debt to First Union. In response to inquiries by Schaaf during this time period, respondent intentionally gave Schaaf false and misleading information.

## Darrell Hodges Matter

Respondent misappropriated $13,000.00 belonging to his client Darrell Hodges. By redeeming stock through his online investment account, respondent paid back this amount on May 11, 1998.

*Other Matters*

Respondent also admits that to pay back the $20,557.76 he misappropriated from the unidentified client discussed above in the Schaaf matter, respondent redeemed stock through his online investment account. Additionally, he misappropriated and converted yet another unidentified client's funds in the amount of $10,000.00 to pay back the first unidentified client.

*Conclusion*

In sum, respondent misappropriated client trust funds in an approximate amount of $64,000.00 and converted these funds for his own personal gain by investing the money in various securities. This improper conduct regarding client funds demonstrates a pattern of violating the Rules of Professional Conduct. Rule 407, SCACR. Respondent has failed to act with reasonable diligence and promptness in representing clients. Rule 1.3. He failed to keep his clients reasonably informed about the status of their matters and failed to comply with reasonable requests for information. Rule 1.4. He has repeatedly misappropriated client funds and failed to promptly deliver to a third party funds it was entitled to receive. Rule 1.15. Respondent has engaged in morally reprehensible conduct involving dishonesty, fraud, deceit and misrepresentation. Rule 8.4(d). Through this misconduct, respondent has clearly demonstrated his unfitness to practice law.

Accordingly, we disbar respondent from the practice of law. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE. In addition to all other requirements respondent must meet to be reinstated under Rule 33, RLDE, no petition for reinstatement shall be accepted until respondent has filed proof he has made full restitution to all individuals and institutions who have lost money as a result of his fraudulent acts or mishandling of trust funds, to include restitution to the Lawyer's Fund for Client Protection for any payment it may make.

DISBARRED.