507 S.E.2d 326

**In the Matter of Willi J. GLEE, Respondent.**

No. 24846.

Supreme Court of South Carolina.

Submitted Sept. 15, 1998.

Decided Oct. 26, 1998.

Henry B. Richardson, Jr., of Columbia, Disciplinary Counsel.

Willi J. Glee, of Charleston, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to be disbarred from the practice of law. We accept the agreement and disbar respondent.

Respondent stipulated to the following facts:

### Flagnor Mouzon Probate Proceeding

Respondent represented Anna C. Mouzon in the probate of her husband's estate from March 20, 1990, until her death on October 19, 1994. In connection with this proceeding, respondent received and deposited into his law office trust account three certified checks made to the order of himself and Anna Mouzon totaling $11,507, $9,590.70 of which respondent was to disburse to the decedent's heirs.

By April 1994, heirs of the Mouzon estate were being represented by Mr. Jack Brickman. By letter dated April 15, 1994, respondent represented to Brickman that he enclosed a check for $9,590.70. Neither the letter nor check were ever mailed.

By order dated September 25, 1996, the probate court ordered respondent to produce an accounting of all monies related to the Mouzon probate proceeding. Respondent did not comply. Subsequently, by letter dated October 24, 1996, respondent informed the probate court that he had transmitted to Brickman a check in the amount of $9,590.70. Respondent had not done so.

On April 3, 1998, respondent issued check # 2035 from his law office trust account in the amount of $9,590.70 to Brick-

man. On that date, the trust account balance totaled $4,277.22. The check was not honored due to insufficient funds. Respondent admits that he converted the funds for purposes other than which were intended or authorized, and that he issued the check knowing there were insufficient funds in the account.

On June 17, 1998, the probate court issued a rule to show cause for contempt and respondent failed to appear. By order dated July 16, 1998, respondent was held in contempt of court. In response to a bench warrant issued by the court, respondent was arrested.

From the time respondent deposited the Mouzon trust account funds in September 1993, the account balance repeatedly slipped below the requisite minimum of $9,590.70 to amounts as low as $4.22. The money owed the Mouzon estate heirs was finally paid in full between July 24, 1998, and July 31, 1998.

### Other Trust Account Improprieties

With respect to fifteen other trust account checks written to the order of respondent, respondent failed to keep specific client trust account balance information. Respondent neglected to list client names with corresponding account deposits, designate file numbers, or keep client ledger sheets. As a result, respondent is unable to identify what amounts are owed to whom.

### Conclusion

Respondent has violated numerous provisions of the Rules of Professional Conduct contained in Rule 407, SCACR. Respondent converted client funds for his own purposes. Rule 1.15. He failed to provide competent representation. Rule 1.1. He failed to comply with demand for payment. Rule 1.2. He failed to act with reasonable diligence and promptness. Rule 1.3. He failed to keep his client reasonably informed about the status of the case and respond to requests. Rule 1.4. He failed to surrender and release trust account funds owed upon termination of the attorney/client relationship. Rule 1.16. He was dilatory in winding up and closing the probate action. Rule 3.2. He engaged in conduct involving dishonesty, fraud, deceit and misrepresentation in violation of

Rule 8.4(a), (d), & (e). Respondent has clearly demonstrated his unfitness to practice law and his conduct is grounds for disbarment under Rule 7(a)(1), (5), (6) and (7) of the RLDE.

Accordingly, we disbar respondent from the practice of law. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30(g) of Rule 413, SCACR.

DISBARRED.

/s/ Ernest A. Finney, Jr., C.J.
/s/ Jean H. Toal, J.
/s/ James E. Moore, J.
/s/ John H. Waller, Jr., J.
/s/ E.C. Burnett, III, J.