512 S.E.2d 112

**In the Matter of Luke Haulston DRIGGERS, III, Respondent.**

**No. 24888.**

Supreme Court of South Carolina.

Submitted Dec. 23, 1998.

Decided Jan. 25, 1999.

---

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, both of Columbia, for the Office of Disciplinary Counsel.

Luke Haulston Driggers, III, of Hurst, Texas, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to be disbarred from the practice of law. We accept the agreement and disbar respondent.

*J. Pamela Price Matter*

Respondent represented Jessica F. Varnadore and Bonnie S. Varnadore in a matter regarding an automobile accident which occurred on or about October 5, 1996. The Varnadores, who had trouble locating respondent, contacted Attorney J. Pamela Price for informal advice. In September 1997, respondent's mother, Mrs. Gloria Driggers, contacted the Varnadores, and advised them she had approximately $6,000.00 in checks from State Farm Insurance Company. Mrs. Driggers explained to the Varnadores that they would have to sign the checks, but if they did not she would deposit them into her son's escrow account anyway. The Varnadores sought telephone advice from Attorney Price. She advised them not to sign the checks. On September 12, Mrs. Driggers deposited the two checks totaling $6,020.12 into respondent's escrow account. No payment was ever made by respondent to the Varnadores.

On September 17, 1997, respondent wrote two checks to himself for $1,000.00 each on his escrow account. Respondent continued to write checks for non-client related matters on his escrow account, reducing the balance in that account to $0.76 by November 28, 1997, and to −$31.62 by December 31, 1997.

The balance of respondent's escrow account has never risen above zero since that time.

## Tony R. Phillips Matter

Respondent was retained by Tony R. Phillips and accepted a fee of approximately $3,400.00. When the case was first called for trial, respondent was not present. When another matter he was handling for Mr. Phillips was called, respondent failed to appear.

Further, respondent furnished false and/or erroneous information to Mr. Phillips concerning another matter respondent was handling for him.

## Laurence K. Ladue, Jr. Matter

Respondent represented Laurence K. Ladue, Jr., in several matters. When Respondent decided to move out of state, he advised Mr. Ladue that he would continue to represent him in those matters.

Respondent was not diligent in the matters entrusted to him by his client, Mr. Ladue. Respondent failed to respond to communications from his client, he failed to return the client's files to him, and he failed to deliver to the client the client's original will and codicil.

## Other Matters

Patti Honea Brodie wrote a letter of complaint to the Commission. Respondent did not respond to the requests for a reply by the Commission on Lawyer Conduct (the Commission).

Additionally, respondent failed to respond to the Commission's requests for a reply in the Price, Phillips, and Ladue matters.

## Conclusion

Respondent has violated numerous provisions of the Rules of Professional Conduct, Rule 407, SCACR. He failed to provide competent representation. Rule 1.1. Respondent failed to keep a client reasonably informed about the status of matters and comply with reasonable requests for information. Rule 1.4(a). He failed to consult with a client as to the means

by which the client's decisions concerning the objectives of representation were to be pursued. Rule 1.2(a). He failed to act with reasonable diligence and promptness in representing a client. Rule 1.3. He failed to promptly deliver to a client funds or documents to which the client was entitled to receive and failed to promptly render a full accounting regarding funds. Rule 1.15. He misappropriated client funds. Rule 1.15. He failed to withdraw from representation of a client if the representation would result in a violation of the Rules of Professional Conduct, Rule 407, SCACR. Rule 1.16(a)(1). He engaged in conduct involving dishonesty, fraud, deceit or misrepresentation. Rule 8.4(d). He engaged in conduct prejudicial to the administration of justice. Rule 8.4(e).

Further, respondent violated provisions of Rule 7(a), RLDE. He knowingly failed to respond to a lawful demand from the Commission to include a request for a response under Rule 19. Rule 7(a)(3). He engaged in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law. Rule 7(a)(5). He violated the oath of office taken upon admission to practice law in this State. Rule 7(a)(6).

Accordingly, respondent is hereby disbarred from the practice of law, retroactive to March 4, 1998, the date of the order of his interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE. In addition to all other requirements respondent must meet to be reinstated under Rule 33, RLDE, no petition for reinstatement shall be accepted until respondent has filed proof he has paid all monies owed to clients as determined by a Fee Dispute Resolution Committee or Panel, and respondent has returned all client files to his clients or their attorney.

**DISBARRED.**