521 S.E.2d 160

**In the Matter of William H. GODBOLD, III, Respondent.**

**No. 25001.**

Supreme Court of South Carolina.

Submitted Aug. 3, 1999.
Decided Sept. 13, 1999.

William H. Godbold, III, of Rock Hill, pro se.

Attorney General Charles Molony Condon and Senior Assistant Attorney General James G. Bogle, both of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct in the following matters and consents to be disbarred from the practice of law.[1] We accept the agreement.

---

1. Respondent has been on interim suspension since April 28, 1999. *In the Matter of Godbold*, 335 S.C. 171, 516 S.E.2d 434 (1999).

## *Daniel McDonald Matter*

Respondent settled this matter for $50,000.00 on or about June 18, 1998. Respondent failed to disburse $14,200.10 of the settlement to McDonald, a minor under the age of fourteen.

## *Janet Cable Matter*

Respondent settled this matter on or about December 13, 1996 for $20,000.00. Respondent prepared a disbursement sheet indicating disbursements of $7,295.89 to Cable, $154.77 to Mr. Foster, $6,600.00 as an attorney fee, and $5,949.34 to Jefferson Pilot Insurance. Respondent actually made the following disbursements: $10,333.34 to Cable, $3,454.77 to Mr. Foster, representing his half of the attorney fee plus costs, $3,300.00 to himself. Although respondent negotiated the Jefferson Pilot claim to $3,000.00, he failed to pay the claim. Of the original settlement, $2,911.89 has yet to be paid out.

During the Commission on Lawyer Conduct's investigation of this matter, respondent replied to the Commission's initial inquiry but failed to reply to its request for financial records, its second letter of inquiry, and the Notice of Full Investigation.

## *Roger Rainey Matter*

This matter settled for $18,500.00 on February 16, 1998. The $2,985.00 bill of Rock Hill Chiropractic Works, one of Rainey's medical providers, has not been paid.

## *Kalia McFadden Matter*

This matter was settled for $3,218.12 on July 19, 1996. The $1,500.00 bill of Kimbell Chiropractic Center, one of McFadden's medical providers, has yet to be paid.

## *Doris Frederick Matter*

This matter was settled through arbitration for $5,695.21 on August 2, 1996; however, $1,499.00 in medical bills are still unpaid.

### Erica Knox Matter

This matter was settled on August 5, 1997 for $2,000.00. Hughes Chiropractic Center, one of Knox's medical providers, is owed $750.00. Furthermore, no settlement statement was prepared in this matter.

### Brandy Wilson Matter

This matter was settled on June 8, 1998 for $4,300.00; however, the $1,443.00 bill of Beaver Chiropractic Center, one of Wilson's medical providers, has not been paid.

### Cora Stallings Matter

This matter was settled on September 11, 1998 for $2,308.68. The $1,100.00 bill owed to Beaver Chiropractic Center has yet to be paid. Respondent failed to prepare a settlement statement in this case.

### Angie and Candice Copeland Matter

This matter was settled for $1,000.00 on October 6, 1997. Of this settlement, respondent paid his own fee, leaving unpaid funds to the Copelands and/or medical bills of $666.66. In addition, respondent acknowledges that Price, Smith, Hargett, Petho, & Anderson, a law firm in Charlotte, North Carolina, associated him to try this case and that the firm now claims that he failed to pay the firm its portion of fees and/or costs. Respondent agrees to be bound by the decision of a panel of the Resolution of Fee Disputes Board as to any fees and/or costs due to the firm.

### Daryal and Melissa Phillips Matter

In 1977, a jury awarded the Phillips $2,293.00; however, an outstanding medical bill to Carolina Chiropractic Center for $643.96 has yet to be paid. In addition, respondent acknowledges that Price, Smith, Hargett, Petho, & Anderson, a law firm in Charlotte, North Carolina, associated him to try this case and that the firm now claims that he failed to pay the firm its portion of fees and/or costs. Respondent agrees to be bound by the decision of a panel of the Resolution of Fee Disputes Board as to any fees and/or costs due to the firm.

## James Caldwell Matter

This matter was settled on October 7, 1998 for $4500.00. The bills of the following medical providers have yet to be paid: $920.00 to Keith Clinic of Chiropractic, $472.00 to Piedmont Medical Center; $128.00 to Sterling Emergency Physicians, and $85.00 to Rock Hill Radiology Associates.

## Dedrea Cook Matter

This matter was settled for $2,250.00 on May 5, 1998; however, the $831.00 bill owed to Maxwell Chiropractic has not been paid.

## David Caldwell Matter

This matter was settled on November 10, 1998 for $522.00, the amount of Caldwell's doctor's bill. This money was to be paid directly to the doctor; however, the doctor has not been paid. In addition, respondent acknowledges that Price, Smith, Hargett, Petho, & Anderson, a law firm in Charlotte, North Carolina, associated him to try this case and that the firm now claims that he failed to pay the firm its portion of fees and/or costs. Respondent agrees to be bound by the decision of a panel of the Resolution of Fee Disputes Board as to any fees and/or costs due to the firm.

## Brook Moody Matter

This matter was settled for $10,000.00 in January 1998. The bills of the following medical providers have not been paid: $2,045.00 to Willis ChiroMed, $310.00 to Dr. Homer F. Gamble, $172.00 to Pee Dee Emergency Physicians, $466.00 to Darlington Rehabilitation, $134.00 to Florence County Emergency Medical Services, $97.00 to McLeod Regional Medical Center, and $50.00 to Pee Dee Ear, Nose, Throat, and Facial Plastic Surgery.

## Margaret Drakeford Matter

This matter was settled for $2,500.00 in November 1998; however, the $1,000.00 bill owed to A & W Chiropractic has not been paid. In addition, respondent acknowledges that Price, Smith, Hargett, Petho, & Anderson, a law firm in

Charlotte, North Carolina, associated him to try this case and that the firm now claims that he failed to pay the firm its portion of fees and/or costs. Respondent agrees to be bound by the decision of a panel of the Resolution of Fee Disputes Board as to any fees and/or costs due to the firm.

### Eugene Robertson Matter

This matter was settled for $15,629.00 in June 1997. The bills of the following medical providers have yet to be paid: $506.20 to Springs Memorial Hospital, $285.00 to Carolina Orthopedic Surgery, $13.60 to Lancaster Radiological Associates, and $150.00 to Piedmont Medical Center.

### Theodore Gordon Matter

This workers compensation matter was settled for $6,224.40 in September 1997. On February 27, 1998, respondent paid Gordon $2,000.00 and told Gordon he would take his 25% fee and costs as well as pay Gordon's loan to Guardian Fidelity Mortgage from the remainder. Respondent's fee was never approved by the Workers Compensation Commission, and respondent failed to pay Guardian Fidelity Mortgage.

### Jamie McCarter Matter

This matter settled on or about March 4, 1997 for $4,000.00. Respondent deposited these funds into his trust account; however, these funds were misappropriated by respondent. On September 10, 1997, he wrote a check to McCarter from his operating account for $3,000.00.

### Tony Emerson, Sr., Matter

In this matter, respondent failed to respond to two inquiry letters and the Notice of Full Investigation from the Commission on Lawyer Conduct.[2]

### Alice Byrd Matter

Byrd, on behalf of Ray Schwartz and Associates, a court reporting firm from Charleston, complained that respondent

---

2. As part of this agreement, the Commission on Lawyer Conduct has agreed to dismiss the complaint in the Emerson matter.

failed to pay his outstanding bill. Respondent acknowledges that he failed to pay $704.56 for eight transcripts and related fees.

## Beckham Matters

Respondent was associated by Michael Bednarik, a North Carolina attorney, to try the following cases: *Deborah Beckham v. Hervey Beckham* and *Scott Beckham as Guardian Ad Litem for Brandy Beckham v. Hervey Beckham.* The jury returned a verdict for respondent's clients of $1,008.19 in the first case and $12,500.00 in the second case. Respondent deposited the funds into his trust account and disbursed funds to his clients; however, he failed to disburse to Bednarik his portion of the attorney fee. The amount of Bednarik's fee has yet to be determined, and respondent agrees to submit the matter of Bednarik's fee to a panel of the Resolution of Fee Disputes Board.

## Andreanne Love Matter

This matter settled on or about September 30, 1998 for $1,037.20. Respondent had Love sign the check but misappropriated the funds. Respondent admits that Love has never received her portion of the settlement.

## State and Federal Taxes

Respondent admits he has failed to file state and federal income tax returns since 1991. In addition, respondent has failed to pay some state and federal employment taxes.

## Trust Account Violations

Respondent admits that he failed to maintain receipt and disbursement journals for his trust account, wrote trust account checks without identifying the purpose of each check, and had negative balances in his trust account four times in 1997. Respondent also acknowledges that he deposited checks from his trust account into his office operating account and into his personal accounts as well as write checks from his trust account to his wife and brother-in-law for personal purposes.

*Conclusion*

By his conduct, respondent has violated several of the Rules of Professional Conduct, Rule 407, SCACR, including Rule 1.1 (competence); Rule 1.2 (scope of representation); Rule 1.3 (diligence); Rule 1.4 (communication); Rule 1.5 (fees); Rule 1.15 (safekeeping property); and Rule 8.4 (misconduct).

In addition, respondent has violated provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, including Rule 7(a)(1) (violation of the Rules of Professional Conduct); Rule 7(a)(3) (failure to respond to a lawful demand of disciplinary counsel); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts of the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violation of the oath of office taken upon admission to practice law in South Carolina).

Finally, respondent violated Rule 417, SCACR, by failing to keep receipt and disbursement journals for his trust account and writing checks from his trust account without identifying the purpose of the checks.

Accordingly, we hereby disbar respondent, retroactive to the date of his interim suspension. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

DISBARRED.