557 S.E.2d 651

**In the Matter of Olin L. PURVIS, III, Respondent.**

**No. 25388.**

Supreme Court of South Carolina.

Heard Nov. 15, 2001.

Decided Dec. 10, 2001.

Attorney General Charles M. Condon and Assistant Attorney General Tracey Colton Green, both of Columbia, for the Office of Disciplinary Counsel.

Olin L. Purvis, III, pro se, respondent.

PER CURIAM.

In this attorney disciplinary matter, the sub-panel and the full panel recommended respondent Olin L. Purvis, III, be disbarred. We agree and disbar respondent.

## FACTS

The Commission on Lawyer Conduct filed formal charges against respondent regarding numerous matters. Respondent was placed on interim suspension on January 6, 2000. *In re Purvis*, 338 S.C. 113, 526 S.E.2d 512 (2000). Respondent did not answer the formal charges, was found in default by the sub-panel, and did not appear at the hearing.

### *Matter 1*

Respondent represented Ann Dunham, a purchaser in a real estate transaction. Respondent accepted funds designated for the purchase of title insurance; however, he failed to obtain the title insurance policy for Dunham. Subsequently, respondent ignored repeated attempts by Dunham to obtain information about the title insurance, and he failed to return her phone calls. Although Disciplinary Counsel notified respondent of Dunham's complaint, respondent failed to respond. After being notified that a full investigation of Dunham's complaint had been initiated, respondent failed to respond to the notice within 30 days, but eventually he responded and submitted to an examination under oath by Disciplinary Counsel.

### *Matter 2*

Paula Pyle, a victim's advocate, filed a complaint against respondent alleging that respondent had verbally abused her during a telephone conversation. Although Disciplinary Counsel notified respondent of this complaint, respondent failed to respond. After being notified that a full investigation of the complaint had been initiated, respondent failed to respond to the notice within 30 days, but eventually he submitted to an examination under oath by Disciplinary Counsel.

### *Matter 3*

Barry and Janice Dodson retained respondent to represent them in a wrongful death action. The insurance company for the defendant in the action tendered the policy limits to respondent with the understanding that the proceeds would be held in escrow pending court approval of the settlement. Despite respondent's agreement with the insurance company, he disbursed the funds to the Dodsons without first obtaining

court approval of the settlement. Respondent never sought court approval for the disbursements as was required and as he agreed to do.

Although Disciplinary Counsel notified respondent of this complaint, respondent failed to respond. Disciplinary Counsel subsequently notified respondent that a full investigation of the complaint had been initiated; however, the notice was returned, marked "unclaimed." Respondent was again notified of the investigation. Respondent failed to respond to this second notice, but eventually he submitted to an examination under oath by Disciplinary Counsel.

### Matter 4

In April 1996, Patricia Roetger was injured at her place of employment while working. She retained respondent to represent her in a worker's compensation claim and executed a written fee agreement in November 1997. Respondent, however, failed to file the required forms or otherwise file a claim on behalf of Roetger with the Worker's Compensation Commission. As a result of respondent's failure to act on Roetger's case, her worker's compensation claim is now barred by the statute of limitations.

Moreover, when Roetger was able to contact respondent, he falsely advised her that she could expect a hearing in the near future. At other times, respondent was not present to meet with Roetger even though she arrived timely for previously scheduled meetings. Respondent failed to communicate with Roetger about her case. When Roetger finally terminated respondent in 1998, he failed to provide her with copies of all documents in her file.

Roetger also retained respondent regarding a divorce action. Respondent failed to diligently represent Roetger's interests with respect to the divorce and failed to communicate with her on this matter.

Disciplinary Counsel notified respondent of Roetger's complaint; however, he failed to respond. He also failed to respond to subsequent notice of a full investigation of Roetger's complaint.

### Matter 5

Respondent represented Gretchen Johnson regarding injuries she sustained in an automobile accident. Johnson had previously been represented by Mr. Stark, and while represented by Stark, an offer of settlement was obtained for Johnson. Stark advised respondent, Johnson, and the insurance company that he expected to be compensated from any settlement for $3,356.75 in fees and costs. This amount was based on the offer of settlement previously obtained for Johnson. In a letter dated June 23, 1998, respondent represented to the insurance adjuster that he would protect the interests of both Stark and any medical providers in the case. Respondent eventually settled Johnson's case for $15,000, which was paid by the insurance carrier via a check written to respondent, Johnson and Stark.

On September 18, 1998, respondent sent Stark *a copy* of a check from respondent's trust account which was payable to Stark's law firm in the amount of $3,356.75. Along with this copy, respondent sent Stark a proposed disbursement schedule which indicated disbursement of funds to Stark. Relying on respondent's representations, Stark endorsed the settlement check and forwarded it to respondent. On October 16, 1998, Stark learned that the medical providers in Johnson's case had been paid. Stark wrote respondent requesting that respondent forward him the check as previously agreed. When respondent failed to respond to the October 16th letter, Stark sent a second letter on November 3, 1998. Respondent failed to respond, and Stark sent a third letter in December. Respondent ignored Stark's repeated requests for payment.

In April 1999, Disciplinary Counsel sent respondent a letter regarding Stark's complaint, but respondent failed to respond. Likewise, respondent failed to respond to Disciplinary Counsel's notice of a full investigation of this complaint.

### Matter 6

Ellen Creel retained respondent to institute a medical malpractice action. For over a year after he was retained, respondent failed to communicate with Creel about her case. During this time, respondent failed to respond to multiple phone calls from Creel. When Creel finally managed to speak

with respondent, he advised her that he had mailed an explanatory letter to her. Creel, however, never received the explanatory letter and never was able to speak with respondent again.

Disciplinary Counsel notified respondent of Creel's complaint, but he failed to respond. Although Disciplinary Counsel subsequently notified respondent that a full investigation on this complaint had been initiated, respondent failed to respond.

### Matter 7

William S. Sigmon retained respondent to represent him in an action against the Horry County Police Department and Officer B. Rogers. Sigmon paid $500 to respondent as a retainer for "out of pocket expenses." Respondent failed to: (1) institute the action on behalf of Sigmon; (2) communicate with Sigmon regarding the status of his case; and (3) respond to multiple phone calls and letters from Sigmon.

Disciplinary Counsel notified respondent of Sigmon's complaint, but he failed to respond. Although Disciplinary Counsel subsequently notified respondent that a full investigation had been initiated, he failed to respond to this notice as well.

### Matter 8

Cindy Purvis, respondent's former wife, filed a complaint against respondent.[1] Disciplinary Counsel notified respondent of this complaint, but he failed to respond. Moreover, when Disciplinary Counsel subsequently notified respondent that a full investigation had been initiated, he failed to respond.

### Matters 9 and 10

Dr. Scott J. Willis and Dr. Steven Hannigan, both chiropractors, filed separate complaints against respondent.[2] Although Disciplinary Counsel notified respondent of these complaints, he failed to respond. Moreover, when Disciplinary Counsel

---

1. This matter involves respondent's alleged failure to pay child support.

2. These matters involve similar situations. Respondent is charged with not paying the chiropractors who treated respondent's clients despite the fact that respondent settled the clients' claims and obtained the settlement funds.

subsequently notified respondent that a full investigation had been initiated on these complaints, he failed to respond to the notification.

### *Matter 11*

Mr. Rees retained respondent in order to represent Rees' daughter in a personal injury matter. The matter concluded in the daughter's favor, and respondent withheld funds from the jury award to pay certain medical bills. Respondent failed, however, to use the retained funds to satisfy the client's bills, and respondent misappropriated the funds. Furthermore, respondent failed to respond to the client's repeated inquiries regarding payment of the bills.

Respondent failed to respond to Disciplinary Counsel's notifications about this complaint, as well as to Disciplinary Counsel's notifications that a full investigation had been initiated.

### *Matter 12*

Barry Kennell retained respondent for $675 to handle a debt collection matter. Despite holding the matter for over one year, respondent failed to take any legal action on behalf of Kennell. Because of respondent's lack of diligence and his failure to communicate, Kennell was ultimately forced to retain new counsel. Respondent did not issue Kennell a refund of the unearned retainer fee. Respondent failed to respond to Disciplinary Counsel's notices regarding the complaint and the initiation of a full investigation.

### *Matter 13*

On several occasions, respondent hired Glenda M. Kemp's court reporting agency to perform services in connection with his law practice. Respondent failed to pay invoices submitted by Kemp's agency over a period of several months, eventually accumulating a total account balance of approximately $1,534. Respondent refused to communicate with the agency about payment of the invoices. Respondent failed to respond to Disciplinary Counsel's notices regarding the complaint and the initiation of a full investigation.

## *Matter 14*

Karen L. Teixeira retained respondent to represent her in a domestic matter. Respondent failed to properly communicate with Teixeira. Although Disciplinary Counsel notified respondent about the complaint and the initiation of a full investigation, respondent failed to respond to the notices.

## *Matter 15*

In December 1996, respondent was retained to handle a real estate closing for Sergio B. Mendoza and Jose Boyzo. After the closing, respondent forwarded the original note to the lender as required, but failed to forward the original mortgage, the bank fees, or any other original documents executed in connection with the closing. Thereafter, respondent refused to respond to numerous inquiries from the lender. Respondent failed to file the deed and mortgage after closing.

Additionally, respondent retained funds to satisfy property taxes assessed against the closing property, but failed to satisfy the property tax bill. As a result, the property was sold for non-payment of taxes. Respondent failed to respond to numerous inquiries from the seller regarding the property tax situation. Because of respondent's actions, the buyers were forced to pay another attorney to conduct a second closing, causing them to incur additional costs to redeem the property from the tax sale.

Respondent failed to respond to Disciplinary Counsel's notices regarding the complaint and the initiation of a full investigation.

## *Matter 16*

In 1992, Icyean R. Wallace retained respondent for the purpose of instituting an action against GMC Corporation. Respondent failed to diligently attend to Wallace's case and failed to take appropriate legal action on her behalf. As a result, Wallace's case was dismissed. Moreover, respondent failed to notify Wallace when he relocated his law practice, and failed on several occasions to appear for scheduled court dates. Respondent has refused to release Wallace's file to her. In addition, respondent failed to notify Wallace of his suspension

612

from the practice of law, as required by Rule 30, RLDE, Rule 413, SCACR.

Respondent failed to respond to Disciplinary Counsel's notices regarding the complaint and the initiation of a full investigation.

### *Panel's Findings*

The Panel [3] found several grounds for discipline and recommended disbarment. Specifically, the Panel found respondent has violated the following subsections of Rule 7(a) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: (1) violating the Rules of Professional Conduct; (5) engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law; and (6) violating the oath of office taken upon admission to practice law in this state.

In addition, respondent violated the following Rules of Professional Conduct, Rule 407, SCACR: (1) Rule 1.1, failing to provide competent representation; (2) Rule 1.2, failing to abide by a client's decisions regarding the scope of representation; (3) Rule 1.3, failing to diligently represent a client; (4) Rule 1.4, failing to properly communicate with a client; (5) Rule 1.5, failing to charge a reasonable fee; (6) Rule 1.15, failing to safekeep a client's property; (7) Rule 1.16, failing to take proper steps upon termination of representation of a client; (8) Rule 3.2, failing to properly expedite litigation; (9) Rule 8.1, failing to respond to a lawful demand for information from a disciplinary authority; and (10) Rule 8.4, violating the rules of professional conduct; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and engaging in conduct prejudicial to the administration of justice.

Finally, the panel found respondent violated the financial recordkeeping provisions of Rule 417, SCACR.

### DISCUSSION

■ The authority to discipline attorneys and the manner in which the discipline is given rests entirely with the Su-

---

**3.** The full panel adopted the report of the sub-panel.

preme Court. *E.g., In re Yarborough*, 337 S.C. 245, 524 S.E.2d 100 (1999). Because respondent failed to answer the formal charges against him, this failure constitutes an admission of the factual allegations. Rule 24(a) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. Moreover, because respondent failed to appear at the hearing before the sub-panel, he is deemed to have admitted the factual allegations which were to be the subject of such appearance and to have conceded the merits of any recommendation to be considered at the hearing. Rule 24(b) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR. As a result, we only have to determine the appropriate sanction for respondent. *In re Rast*, 337 S.C. 588, 524 S.E.2d 619 (1999) (attorney's failure to answer the formal charges against him constitutes default; the only issue is the proper sanction); *In re Thornton*, 327 S.C. 193, 489 S.E.2d 198 (1997) (same).

Respondent has demonstrated a persistent pattern of misconduct, including neglect, failure to communicate with clients, misappropriation, dishonest conduct, and failure to respond to disciplinary authority. The sanction of disbarment has been imposed by this Court in similar cases involving multiple acts of misconduct. *See, e.g., Matter of Driggers*, 334 S.C. 40, 512 S.E.2d 112 (1999) (attorney disbarred for failing to provide competent representation, keep clients informed, consult with clients, promptly account for and deliver funds and documents, misappropriation of funds, and knowing failure to respond to disciplinary proceedings); *Matter of Godbold*, 336 S.C. 568, 521 S.E.2d 160 (1999) (attorney disbarred for failing to remit settlement funds to clients, remit funds to clients' medical providers, failing to pay bills, and failing to file state and federal tax returns); *Matter of Glee*, 333 S.C. 9, 507 S.E.2d 326 (1998) (attorney disbarred for converting client funds for his own purposes, failing to provide competent representation, failing to comply with demand for payment, failing to act with reasonable diligence, failing to keep client informed about status of case, and engaging in conduct involving dishonesty).

Consequently, we disbar respondent and order him to pay the costs of the disciplinary proceedings. Within fifteen days of the date of this opinion, respondent shall file an affidavit

with the Clerk of Court showing that he has complied with Rule 30 of the Rules for Lawyer Disciplinary Enforcement.

**DISBARRED.**