587 S.E.2d 115

**In the Matter of Randall M. CHASTAIN, Respondent.**

**No. 25729.**

Supreme Court of South Carolina.

Heard Sept. 24, 2003.

Decided Sept. 29, 2003.

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia;  for the Office of Disciplinary Counsel.

Randall M. Chastain, of Charleston, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Hearing Officer and the Full Panel recommended respondent Randall M. Chastain be disbarred. We agree and disbar respondent.

## FACTS

Respondent's disciplinary history is pertinent to the instant matter. In 1994, this Court definitely suspended respondent for: neglecting several legal matters, failing to respond to various clients' telephone calls and letters, failing to return retainer fees, and failing to respond to inquiries by disciplinary authorities. We imposed a two-year definite suspension and ordered respondent to pay restitution in excess of $30,000 to his clients before applying for readmission to the Bar. *In re Chastain,* 316 S.C. 438, 450 S.E.2d 578 (1994).

In 1995, we found respondent in criminal contempt of the 1994 suspension order because he had performed legal research and prepared and reviewed pleadings. *In re Chastain,* Order No.1995–OR–1448 (S.C. Sup.Ct. dated October 6, 1995). No additional sanction was imposed on respondent.

In 1997, we suspended respondent for 90 days after he pleaded guilty to three counts of failure to make and file a state income tax return in tax years 1989, 1990, and 1993. *In re Chastain,* 327 S.C. 173, 488 S.E.2d 878 (1997).

Finally, in 2000, we considered whether to sanction respondent after he was convicted of one count of breach of trust with fraudulent intent. The conduct underlying the conviction involved the failure to return one of the retainer fees involved in the 1994 proceeding. We declined to impose an additional sanction. *In re Chastain,* 340 S.C. 356, 532 S.E.2d 264 (2000).

Respondent has never been reinstated since his 1994 two-year definite suspension. However, even a suspended lawyer is subject to the Rules for Lawyer Disciplinary Enforcement. Specifically, Rule 34 of the RLDE provides as follows, in pertinent part:

A lawyer who is disbarred, suspended or transferred to incapacity inactive status shall not be employed by a mem-

ber of the South Carolina Bar as a paralegal, investigator or in any other capacity connected with the law.... A disbarred or suspended lawyer who violates this rule shall be deemed in contempt of the Supreme Court and may be punished accordingly.

Rule 34, RLDE, Rule 413, SCACR.

The charges brought against respondent in the instant matter concern his employment as Office Manager with the Richland County Attorney's Office. According to the formal charges, respondent became employed with the County Attorney's Office in September 1999. The job description for the position of Office Manager states that the manager "organizes and oversees the day-to-day office/administrative activities of the County Attorney's Department including paralegal activities; adherence to established Court dates/deadlines, legal preparations and other related documentation and research." In addition, the job description detailed that the Office Manager would: (1) regularly interact with outside attorneys and representatives of the court system; and (2) have part-time law clerks reporting to him.

The Office of Disciplinary Counsel alleged that these job responsibilities applied to respondent's employment with the County Attorney's Office, and therefore, respondent acted as a paralegal and supervised other paralegals. In short, the formal charges allege that respondent's job as Office Manager constituted employment connected with the law in violation of Rule 34 of the RLDE. Additionally, respondent failed to respond to the formal charges, various initial inquiries from Disciplinary Counsel, and the Notice of Full Investigation. Accordingly, respondent was found in default.

At the hearing (which respondent did not attend), Disciplinary Counsel presented a single witness, Barbara Hinson, records custodian for the Commission on Lawyer Conduct.[1] The Hearing Officer found respondent had been properly served with both the Notice of the Hearing and the Order of Default and yet had failed to appear at the hearing to provide any mitigation evidence. Further, the Hearing Officer found

---

1. Hinson essentially provided exhibits documenting respondent's disciplinary history and his failure to respond to ODC's various inquiries and filings.

respondent had violated various Rules of Professional Conduct (RPC), Rule 407, SCACR.[2] In addition, the Hearing Officer found respondent had violated Rule 34, RLDE, *supra.* As to the sanction, the Hearing Officer specifically referenced this Court's 1995 contempt order wherein the Court found respondent in criminal contempt for practicing law while under suspension. The Hearing Officer concluded that respondent engaged in a deliberate pattern of misconduct and recommended respondent be disbarred. The Panel adopted the Hearing Officer's report and recommendation.

## DISCUSSION

It is of course well-settled that the authority to discipline attorneys and the manner in which the discipline is given rests entirely with this Court. *E.g., In re Yarborough,* 337 S.C. 245, 524 S.E.2d 100 (1999). Because respondent failed to answer the formal charges against him, this failure constitutes an admission of the factual allegations. *See* Rule 24(a), RLDE, Rule 413, SCACR; *In re Purvis,* 347 S.C. 605, 557 S.E.2d 651 (2001). Furthermore, respondent failed to appear at the hearing; therefore, he is deemed to have: (1) admitted the factual allegations that were to be the subject of such appearance; and (2) conceded the merits of any recommendation to be considered at the hearing. Rule 24(b), RLDE; *Purvis, supra.* Accordingly, we only have to determine the appropriate sanction for respondent. *E.g., Purvis, supra; In re Rast,* 337 S.C. 588, 524 S.E.2d 619 (1999).

We find respondent violated the following Rules of Professional Conduct (RPC), Rule 407, SCACR:

(1) Rule 5.5 (unauthorized practice of law);

(2) Rule 7(a)(1), (3), (5), (6) & (7) (it is grounds for discipline for a lawyer to violate or attempt to: violate the Rules of Professional Conduct, Rule 407, SCACR; knowingly fail to respond to a lawful demand from a disciplinary authority; engage in conduct tending to pollute the

---

**2.** *See* Rules 5.5; 7(a)(1), (3), (5), (6) & (7); 8.1(b); and 8.4.

administration of justice or to bring to the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law; violate the oath of office taken upon admission to practice law in this state; willfully violate a valid court order issued by a court of this state);

(3) Rule 8.1(b) (a lawyer in connection with a disciplinary matter, shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority); and

(4) Rule 8.4 (violation of the rules of professional conduct).

Moreover, it is clear respondent violated Rule 34 of the RLDE. *See* Rule 34, RLDE, Rule 413, SCACR (a suspended lawyer shall not be employed as a paralegal, investigator **or in any other capacity connected with the law**).

█ Respondent has demonstrated a pattern of misconduct. In addition to his other misconduct over the years, he has on more than one occasion worked, while under suspension, in a capacity connected with the practice of law. Obviously, employment within a County Attorney's office falls within the ambit of the type of work barred by Rule 34, RLDE. Accordingly, we disbar respondent. *See In re Hall,* 341 S.C. 98, 533 S.E.2d 588 (2000) (where Hall was disbarred for practicing law while under indefinite suspension, neglect of legal matters, and failure to respond to disciplinary authority).

Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has compiled with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., WALLER, BURNETT, PLEICONES, JJ., and Acting Justice G. THOMAS COOPER, JR., concur.