386 S.C. 469 (2010)
688 S.E.2d 602
In the Matter of Mary Elizabeth RABENS.
David M. Adams, Respondent/Appellant,
v.
Dennis J. Rhoad, Special Administrator, Appellant/Respondent.
No. 4646.
Court of Appeals of South Carolina.
Decided January 20, 2010.
Heard September 2, 2009.
*470 Robert Wyndham, of Charleston, for appellant/respondent.
James Richardson, Jr., of Columbia, for respondent/appellant.
LOCKEMY, J.
In this cross-appeal, David Adams and Dennis Rhoad appeal the circuit court's order affirming and modifying the probate court's award of attorney's fees to Adams. Rhoad argues the circuit court erred in: (1) finding a prior circuit court order was controlling as the law of the case and required an award of attorney's fees; (2) awarding attorney's fees when the contingencies of the written fee agreement were not met prior to Adams' suspension and ultimate disbarment; and (3) failing to find Adams' claim for attorney's fees was barred pursuant to the unclean hands doctrine. Adams argues the circuit court erred in finding an action to recover attorney's fees was an equitable matter and not an action at law. We reverse and remand.

FACTS
In 1995, James Clark retained attorney Adams to represent him in connection with his application to serve as personal representative of the Estate of Mary Elizabeth Rabens (the Estate) and with the subsequent administration of the Estate. Before Clark petitioned to administer the Estate, an alleged will of Rabens was filed for probate. Clark retained Adams to represent him in challenging the will, and the parties agreed to a contingent fee equal to one-third of the value of the estate, rising to forty percent in any appeal. In 1996, Clark *471 died, and Margaret B. Clark succeeded him as personal representative of the estate.[1]
The Estate was successful in the probate court, circuit court, and the court of appeals. In December 1998, the South Carolina Supreme Court suspended Adams for actions unrelated to this case.[2] Margaret Clark subsequently hired attorney Gedney M. Howe, III to replace Adams. Howe and Margaret Clark signed a contingency fee agreement identical to that which existed between James Clark and Adams, allowing for a fee of forty percent of the value of the estate. In 1999, the proponent of the will filed a petition to the supreme court seeking a writ of certiorari. Howe and attorney Alvin Hammer filed a return to the writ. The supreme court denied the petition, and the will contest was complete. The Estate paid Howe $121,798.42, equal to forty percent of the value of the Rabens estate, for his representation in the will contest.
Adams subsequently filed a claim for attorney's fees in the amount of forty percent of the value of the Estate. The Estate denied that Adams was entitled to a fee and moved for summary judgment. The probate court granted the Estate summary judgment finding Adams abandoned the representation and was not entitled to attorney's fees. Additionally, the probate court found Adams had unclean hands and was thus not entitled to a fee under the doctrine of substantial performance. In 2002, Adams appealed the probate court's decision to the circuit court, which found no South Carolina case law concerning an attorney's entitlement to a fee for services performed prior to a suspension. The circuit court relied on Stein v. Shaw, 6 N.J. 525, 79 A.2d 310 (1951), in which the New Jersey Supreme Court found that "when an attorney is disbarred or suspended from practice for reasons which are unrelated to his or her representation of a particular client ... the attorney is still entitled to recover for the reasonable value of services provided to that client prior to the suspension or *472 disbarment." The circuit court noted that determining whether to award attorney's fees to a suspended or disbarred attorney "on a case by case matter under appropriate equitable principles seems to be a better approach than a bright line test that in all circumstances provides that the suspended attorney loses their entitlement to any fees." The circuit court remanded the case to the probate court to "conduct a hearing with respect to Adams' entitlement to attorney['s] fees."
On remand, the probate court agreed with the dissent in Stein that no fee should be awarded to a disbarred attorney. However, the probate court determined it was bound by the circuit court's decision and therefore had to equitably divide the fee. The probate court awarded Adams $45,000 and Howe $50,000 for their services.[3] Additionally, the probate court awarded Adams 75% of the $26,798.42 remaining contingency fee and Howe 25% of the remaining fee. Thus, Adams' total award was his hourly fee of $45,000 plus 75% of the excess, or $20,098.81, for a total of $65,098.42. The probate court deducted $15,000 from Adams' award to repay a personal loan he received from Margaret Clark. Adams' total award from the probate court was $50,098.42. The Estate appealed to the circuit court.
The circuit court found the 2002 circuit court order was the law of the case, and therefore, Adams was entitled to attorney's fees. The circuit court further found it would be inequitable to allow Adams to receive any fee in excess of the hours he actually worked on the case and reduced Adams' fee award to $45,000. This award was offset by Adams' $15,000 loan from Margaret Clark, resulting in a judgment of $30,000. This appeal followed.

LAW/ANALYSIS
Rhoad argues the circuit court erred in affirming the probate court's finding the 2002 circuit court order was the *473 law of the case and required it to award attorney's fees in some amount to Adams. We agree.
First, the 2002 order did not, as Adams argues, require the probate court on remand to award Adams attorney's fees. The 2002 order merely provided handling attorney's fees issues "on a case by case matter under appropriate equitable principles seems to be a better approach than a bright line test that in all circumstances provided that the suspended attorney loses their entitlement to any fees." The order further states "if the [probate] court determines that Mr. Adams is entitled to any recovery as to his claims for attorney's fees, then that creates a fund that can be utilized to make payment to award the reimbursement previously ordered by the Supreme Court." (emphasis added).
Additionally, the 2002 order technically constituted a reversal of the initial grant of summary judgment by the probate court in favor of Rhoad. The reversal of a grant of summary judgment is equivalent to the denial of summary judgment. Blyth v. Marcus, 335 S.C. 363, 367, 517 S.E.2d 433, 434 (1999). A denial of summary judgment does not establish the law of the case and is not directly appealable. Ballenger v. Bowen, 313 S.C. 476, 477-78, 443 S.E.2d 379, 380 (1994).
Accordingly, we find the 2002 order was not the law of the case and did not require the probate court to award some amount of attorney's fees to Adams.[4] We remand to the probate court to conduct a hearing to determine if, under the facts of this case, Adams is entitled to any award of attorney's fees and if so in what amount.
REVERSED AND REMANDED.
HEARN, C.J., and KONDUROS, J., concur.
NOTES
[1] Margaret Clark served as personal representative until Dennis J. Rhoad was substituted and appointed special administrator.
[2] Adams was disbarred by order of the South Carolina Supreme Court on June 26, 2000. The supreme court found Adams misappropriated client funds, commingled client money, neglected legal matters, and failed to file federal income taxes. See In re Adams, 341 S.C. 313, 318, 534 S.E.2d 278, 281 (2000).
[3] The probate court determined that while Adams did not keep time records, an outside review indicated he worked in excess of three hundred hours on the case. Applying a customary $150 hourly fee, the probate court determined Adams was entitled to $45,000. Furthermore, the probate court awarded Howe $50,000 for his services based on two hundred hours at a rate of $250 per hour.
[4] Based on this decision, we need not address the remaining issues. See Futch v. McAllister Towing of Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).