536 S.E.2d 370

**In the Matter of Gypsie LaVue Moore MURDAUGH, Respondent.**

No. 25180.

Supreme Court of South Carolina.

Submitted July 11, 2000.

Decided Aug. 7, 2000.

Desa A. Ballard, of West Columbia, for respondent.

Henry B. Richardson, Jr., of Columbia, for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to be disbarred from the practice of law.[1] We accept the agreement and disbar respondent. The facts in the agreement are as follows.

### Client Matters

Respondent represented a client in a personal injury matter. Respondent failed to inform this client that the case had settled and she failed to pay to this client settlement monies that respondent's firm received as a result of the settlement.

This client's name was forged on the settlement check. Although respondent does not admit that she forged the check, she acknowledged that she was responsible for the safe handling of client checks and other monies to her firm. Respondent admits that she misappropriated the funds from the settlement check. She further admits that she falsely told this

---

[1]. By order of this Court dated September 1, 1999, respondent was placed on interim suspension. *In re Matter of Murdaugh*, 336 S.C. 564, 521 S.E.2d 159 (1999).

client that the case had not settled when the settlement check had already been negotiated by her. Respondent continued to provide misleading legal advice to this client about her settlement following her interim suspension from the practice of law.

Respondent further committed misconduct by asking this client to sign a release that stated that the client had received her records, when they had not been delivered to the client.

Another client retained respondent to represent him in a personal injury matter in 1998. This client discovered in August 1999 that the case was settled in September 1998 without his knowledge. However, the client never received any settlement funds from the case. Respondent acknowledges that she misappropriated the settlement monies.

Respondent was retained by another client in October 1994 to represent her in a personal injury matter related to a Florida automobile accident. Respondent assured this client that the action had been filed, that the case was "going well," and that the client would receive a good settlement. However, respondent never took any action on behalf of this client, and allowed the statute of limitations on the case to run.

*Medical Provider Matter*

Respondent failed to inform a medical provider, who was owed money from respondent and the medical provider's mutual clients/patients, that cases had been settled. When the medical provider called respondent, respondent supplied misleading information to the medical provider about these cases.

Respondent delayed for an unreasonable period of time in making payments that were due to the medical provider in at least two cases.

*Other Matters*

Respondent's escrow account statements show numerous negative balances during the eighteen months preceding her interim suspension. Many checks from the account are made payable to respondent without any reference on the checks to a file or to fees. Further, respondent has made numerous cash withdrawals from the escrow account. Respondent is

unable to document the purpose of many of the checks made payable to her. She admits that she has not maintained the integrity of her trust account.

Respondent has failed to take care of client files and has not returned some of the client files to her clients or to the attorney appointed to protect the clients' interests.

## Conclusion

Respondent has violated numerous provisions of the Rules of Professional Conduct, Rule 407, SCACR. She failed to represent a client competently, and she failed to act with reasonable diligence and promptness in representing a client. Rules 1.1 and 1.3. She failed to keep a client reasonably informed about the status of a matter and comply promptly with reasonable requests for information. Rule 1.4(a). She misappropriated client funds, and failed to deliver promptly to a client or third person, funds that the client or person was entitled to receive. Rule 1.15(a) and (b). She failed to promptly render a full accounting regarding property of the client or third person. Rule 1.15(b). She violated the Rules of Professional Conduct, and engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation. Rules 8.4(a) and 8.4(d). She engaged in conduct that is prejudicial to the administration of justice. Rule 8.4(e).

Further, respondent violated provisions of Rule 413, RLDE. She violated the Rules of Professional Conduct. Rule 7(a)(1). She engaged in conduct tending to pollute the administration of justice or to bring the courts or legal profession into disrepute and engaged in conduct demonstrating unfitness to practice law. Rule 7(a)(5).

Respondent also violated Rule 417, SCACR, by misappropriating client monies and writing checks on her trust account made payable to cash.

Accordingly, respondent is hereby disbarred from the practice of law, retroactive to September 1, 1999, the date of the order of her interim suspension. She shall undertake all efforts that may assist with the location and return of client files not previously delivered to clients or to the attorney to protect client interests. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of

Court showing that she has complied with Rule 30, RLDE, and shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of Court. In addition to all other requirements respondent must meet to be reinstated under Rule 33, RLDE, no petition for reinstatement shall be accepted until respondent has filed proof she has paid all monies owed to clients as determined by a Fee Dispute Resolution Committee or Panel.

DISBARRED.

TOAL, C.J., not participating.