541 S.E.2d 844

**In the Matter of Gregory Lance MORRIS, Respondent.**

**No. 25251.**

Supreme Court of South Carolina.

Submitted Jan. 11, 2001.

Decided Feb. 12, 2001.

Rehearing Denied March 7, 2001.

652

Henry B. Richardson, Jr., Susan M. Johnston, and Barbara M. Seymour, all of Columbia, for Office of Disciplinary Counsel.

James H. Price, III, of Greenville, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to disbarment from the practice of law in this state. We accept the agreement and disbar respondent.[1] The facts as admitted in the agreement are as follows.

## *Facts*

### I.  Client Fees

Respondent accepted retainers from several clients, yet never performed any work on their behalf.  In at least three of these instances, respondent accepted retainers while he was suspended from the practice of law.

### II.  Failure to Communicate with Clients

---

1.  Respondent was transferred to incapacity inactive status by order of this Court dated July 3, 2000.  *In the Matter of Morris*, 341 S.C. 405, 535 S.E.2d 430 (2000).

Respondent failed to return telephone calls and properly communicate with several of his clients about the status of their cases.

Respondent failed to notify his clients that he would be unavailable while being treated at an in-patient drug and alcohol rehabilitation program. Respondent also failed to withdraw from the representation of his clients, as required by Rule 1.16(a)(2) of the Rules of Professional Conduct.

## III. Accounting of Fees and Settlements

On several occasions, respondent refused, upon request of the client, to supply an accounting of his fees earned or settlements obtained on behalf of the client.

Further, on at least one occasion, respondent did not return unearned retainer fees to the client.

## IV. Guardianship

Respondent was retained to represent a minor. He obtained a settlement on behalf of his client, but failed to establish a guardianship for his client for approximately eighteen months.

## V. Misuse of Settlement Funds

On one occasion, respondent failed to pay the client's medical bills from the settlement proceeds.

On another occasion, respondent obtained a settlement on behalf of a minor client, but never deposited the settlement proceeds into the guardianship account established on her behalf.

## VI. Medicare Settlement Funds

On four occasions, respondent retained funds from settlements in order to pay Medicare's statutory lien for benefits paid on behalf of his clients. Respondent failed to notify Medicare that he settled the cases and held these funds in trust. Respondent failed to negotiate a settlement of the Medicare lien. Respondent made no payments to Medicare on his clients' behalf. At the time respondent was placed on incapacity inactive status, these retained settlement funds were not in his trust account.

Respondent failed to return these funds to his clients or otherwise ensure their safekeeping upon his suspension from the practice of law.

## VII. Termination of Representation without Notice

Respondent obtained a default judgment for his client. Not only did respondent not collect that judgment, but he terminated the representation of the client without notice to the client. Respondent did not take the necessary steps to adequately protect the interests of the client.

## VIII. Failure to Commence Actions

On two occasions, respondent was retained to commence lawsuits. In one case, respondent failed to file the action before the statute of limitations expired. In the other case, respondent received several continuances, but failed to take any action on the client's behalf.

Respondent also failed to file an appeal on behalf of a client.

## IX. Failure to Supervise Non–Lawyer Staff

Respondent authorized a non-lawyer investigator to retain clients, provide legal advice, refer clients to physicians, and negotiate and accept settlement agreements. These duties were undertaken by the non-lawyer without any supervision by respondent.

Respondent authorized his non-lawyer assistant to be a signatory on his trust account. The assistant was authorized to issue checks drawn from this account without consulting respondent.

Further, respondent's office staff was unable to contact him while he was being treated at the in-patient drug and alcohol rehabilitation program. During that time, respondent left approximately 300 client files with his unsupervised, non-lawyer staff.

## X. Practice of Law While Under Suspension

Respondent was suspended from the practice of law on January 31, 2000, for failure to pay bar dues. Respondent was again suspended from the practice of law on May 22, 2000, for failure to meet continuing legal education requirements. During respondent's suspension, he continued to retain clients and represent them in court. Respondent failed to inform the

 

clients, opposing counsel, or the court that he was suspended from the practice of law.

## XI. Trust Account

Respondent withdrew funds from his trust account that were not directly attributable to any fee earned. At the time respondent was placed on disability inactive status, settlement funds and unearned retainer fees from various clients were not in his trust account.

### *Law*

By his conduct, respondent has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); Rule 7(a)(6)(violating the oath of office taken upon admission to practice law in this state); and Rule 30 (duties following an administrative suspension).

Respondent has also violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (a lawyer shall provide competent representation to a client); Rule 1.2 (a lawyer shall abide by a client's decisions concerning the objectives of representation and consult with the client as to the means by which they are to be pursued; a lawyer shall abide by a client's decision whether to accept an offer of settlement of a matter); Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation); Rule 1.15 (a lawyer shall hold and safeguard property of clients or third persons separate from the lawyer's own business or personal property); Rule 1.16 (failure upon termination of representation to protect clients' interests, surrender papers and property to which the clients are entitled and refund any advance payment of fees that has not been earned); Rule 3.2 (failure to make reasonable efforts to expe-

dite litigation consistent with the interest of a client); Rule 5.3 (a lawyer shall be responsible for the conduct of a non-lawyer assistant); Rule 5.5 (allowing a non-lawyer assistant to perform an activity that constituted the unauthorized practice of law); Rule 8.4(a) (violating the Rules of Professional Conduct); Rule 8.4(c) (engage in conduct involving moral turpitude); Rule 8.4(d) (engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (engage in conduct prejudicial to the administration of justice). Finally, respondent has violated Rule 417, SCACR, by failing to maintain financial records.

### Conclusion

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**