588 S.E.2d 610

**In the Matter of Harold Mark CHANDLER, Respondent.**

No. 25743.

Supreme Court of South Carolina.

Heard Oct. 9, 2003.
Decided Nov. 3, 2003.

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Assistant Disciplinary Counsel, both of Columbia, for The Office of Disciplinary Counsel.

Harold Chandler, of Surfside Beach, pro se.

PER CURIAM:

This attorney disciplinary matter consolidates multiple matters. After a hearing, the Panel recommended Respondent be disbarred. We agree with the Panel, and disbar the Respondent from the practice of law in this State.

## PROCEDURAL HISTORY

Respondent was placed on interim suspension on July 17, 2002, and formal charges were filed in these matters on November 22, 2002. Respondent did not file an Answer, and was held in default by the subpanel of the Commission on Lawyer Conduct. Pursuant to the Default Order, the factual allegations in the Formal Charges are deemed admitted by Respondent. Rule 24(a), Rules for Lawyer Disciplinary Enforcement (RLDE). Respondent did not appear at the Panel hearing. Respondent did not appear, nor was he represented, at the argument in front of this Court.

## FACTS

The following matters involving misconduct are before this Court:

A. *The Smith Matter*

Respondent's firm was hired to conduct a real estate closing for Smith. Respondent was responsible for the closing, but an associate covered the closing for Respondent. The associate

did not complete the closing because additional liens were recorded the day of the closing. Smith paid Respondent's firm $934.92 for fees and costs associated with the closing. The check was placed in a file, and Respondent took no further action. Smith contacted Respondent's office multiple times, but Respondent did not return Smith's calls. Smith filed a grievance. Respondent returned the money after receiving notice of the grievance.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 1.15 (Safekeeping of Property); Rule 5.1 (Responsibilities of a Partner or Supervisory Lawyer); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); and Rule 8.4(e)(Misconduct-Prejudice to the Administration of Justice). The subpanel found Respondent violated these rules in that he failed to complete the closing, failed to inform Smith the closing would not be completed, and failed to timely return Smith's funds. The subpanel also found that Respondent is subject to discipline pursuant to Rules 7(a)(1), 7(a)(5), and 7(a)(6) of RLDE, Rule 413, SCACR.

## B. *The Doe Estate Matter*

Respondent was retained to represent the estate of Doe. Respondent failed to respond to reasonable inquiries and requests for documentation from the personal representative (PR) and beneficiaries. The estate was administratively closed by the Probate Court, and Respondent failed to inform the PR or beneficiaries. Respondent reopened the estate and promised to pay the beneficiaries any losses or expenses resulting from his lack of diligence.

Respondent's law firm was dissolved and Respondent opened a solo practice. Respondent failed to inform the PR or beneficiaries of his new address and phone number. Four months later, Respondent closed his practice without notifying the parties. The loss in value of the assets of the estate is estimated at $300,000 due to a downturn in the stock market during Respondent's delay.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 1.5 (Fees); Rule 1.16 (Termination of Representation); Rule 3.2 (Expediting Litigation); Rule 4.4 (Respect for Rights of Third Persons); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); and Rule 8.4(e) (Misconduct–Prejudice to the Administration of Justice).

## C. *The Client A Matter*

The seller retained Respondent to close on a property purchased by Client A. Respondent did not send the deed to Client A. Client A called Respondent multiple times, and Respondent assured Client A he would send it, however Respondent did not.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 1.5 (Fees); and Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct).

## D. *The Client B Matter*

Respondent entered into a real estate transaction with Client B and represented himself, Client B, and the seller at the closing. Respondent misappropriated funds from his trust fund, and converted them to personal use in the transaction. Respondent's firm dissolved, and his partner, Mr. Patrick, had to deposit funds to cover the deficit in the trust account.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.7 (Conflict of Interest–General Rule); Rule 1.8 (Conflict of Interest–Prohibited Transactions); Rule 1.15 (Safekeeping of Property); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); Rule 8.4(b) (Misconduct–Commission of a Criminal Act); and Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Deceit and Misrepresentation).

## E. *The Company Matter*

Respondent was hired to form Company, LLC. Respondent failed to file the Articles of Organization, and therefore, Company, LLC, was never legally formed. Respondent proceeded to handle closings on approximately 44 properties, naming Company, LLC as the seller, even though the LLC did not exist. Also, Respondent was aware of outstanding liens on the property and failed to inform the parties of the outstanding liens. Respondent also issued title commitments on 23 units, but failed to issue title policies to the purchasers.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.5 (Fees); Rule 4.4 (Truthfulness in Statements to Others); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Deceit and Misrepresentation); and Rule 8.4(e) (Misconduct–Prejudice to the Administration of Justice).

## F. *The Builder Matter*

Respondent represented both the seller and buyer in a closing on 12 lots. Respondent was informed both before and after the closings that there were outstanding judgments and tax liens encumbering the property. Respondent continued with the closing and did not inform the purchasers or the lenders of the encumbrances. Respondent instructed his assistant to record the deed, even though encumbrances existed. Respondent closed several other properties for Builder in a similar fashion.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.5 (Fees); Rule 1.7 (Conflict of Interest–General Rule); Rule 4.1 (Truthfulness in Statements to Others); Rule 5.3 (Responsibilities Regarding Nonlawyer Assistants); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Deceit and Misrepresentation).

## G. *The Sweetwater Matter*

Respondent was ordered by the court to file an accounting of all the money held in escrow as a result of closings of units at Sweetwater development, which pertained to a civil matter. Respondent failed to file the accounting, and failed to inform the court when his partnership dissolved and he opened his own office.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.3 (Diligence); Rule 3.2 (Expediting Litigation); Rule 3.3 (Candor to the Tribunal); Rule 3.4 (Fairness to Opposing Party and Counsel); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); and Rule 8.4(e) (Misconduct–Prejudice to the Administration of Justice).

## H. *The Conservatorship Matter*

Respondent represented a Georgia resident, Client C, who was serving as conservator for her husband. Client C and her husband owned property in South Carolina, which Client C was trying to sell. Respondent was to open an ancillary conservatorship estate for Client C in South Carolina by filing the Georgia conservatorship papers with the Horry County Probate Court. Respondent failed to file the papers, but proceeded with the closing. Due to Respondent's omission, Client C did not convey marketable title to the purchasers. Respondent also represented the purchasers in the closing.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.5 (Fees); Rule 1.7 (Conflict of Interest); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); and Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Deceit and Misrepresentation).

## I. *The Title Insurance Matter*

Respondent represented both seller and purchaser in a real estate closing. The property was encumbered by a mortgage, but Respondent failed to inform the purchasers, lender, or title insurance company of the encumbrance. The purchasers requested and paid for a title insurance policy, but Respon-

dent failed to issue the policy. The purchasers hired a different attorney, Mr. Barnett, after being served with a foreclosure action for the property. Respondent informed Mr. Barnett that Respondent had issued a title insurance policy to the purchasers, even though he had not. The title insurance company ultimately assumed representation of the purchasers, and Respondent assured Mr. Barnett that he would pay Mr. Barnett's fees and costs. Respondent failed to do so. Respondent misrepresented to his partner, Mr. Patrick, that he had paid Mr. Barnett. Mr. Patrick paid Mr. Barnett $1,200 on Respondent's behalf and Respondent has not repaid Mr. Patrick.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 1.5 (Fees); Rule 1.7 (Conflict of Interest); Rule 4.1 (Truthfulness in Statements to Others); Rule 4.4 (Respect for Rights of Third Persons); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Deceit and Misrepresentation); and Rule 8.4(e) (Misconduct–Prejudice to the Administration of Justice).

## J. *The Client D Matter*

Client D paid Respondent in full for fees and costs to organize a number of LLCs. Respondent did not file any Articles of Organization. Upon dissolution of Respondent's firm, Respondent failed to take Client D's file with him to complete the job.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 1.5 (Fees); Rule 1.16 (Termination of Representation); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); and Rule 8.4(e) (Misconduct–Prejudice to the Administration of Justice).

## K. *Client E Matter*

Client E retained Respondent to represent her in a personal injury suit. Respondent filed a summons and complaint for

Client E, but service was never perfected. Respondent falsely stated to Client E that he received a settlement check in her case for $42,000. The insurance company associated with the lawsuit has filed liquidation proceedings. Respondent had the lawsuit dismissed stating the case had been settled. The statute of limitations on Client E's claim has expired.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Deceit and Misrepresentation); and Rule 8.4(e) (Misconduct–Prejudice to the Administration of Justice).

## L.  *Client F Matter*

Client E's daughter, Client F, also retained Respondent for a personal injury claim arising out of the same incident. Respondent issued a check from his firm's operating account to the trust account, then issued a check in the same amount to Client E on behalf of her daughter. Respondent told Client E and Client F that the funds were proceeds from a settlement. This information was false. Respondent did not file a lawsuit on behalf of Client F, and the statute of limitations has expired. Respondent misrepresented to the firm's office manager that the funds were an advance to the clients to pay for a trip.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); and Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Deceit and Misrepresentation).

## M.  *The Misappropriation of Law Firm Funds Matter*

After Respondent dissolved the partnership with Mr. Patrick, Respondent took approximately $100,000 from the firm's operating account and the title insurance account, which he was not authorized to do. Respondent made many unautho-

rized disbursements to third parties from the operating account. Respondent was supposed to repay the amount, but later, removed an operating account check from the office and negotiated it for $18,000. Respondent denied any knowledge of the transaction.

The subpanel found Respondent violated the following Rule of Professional Conduct found in Rule 407, SCACR: Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Deceit and Misrepresentation).

### N. *Client G Matter*

Respondent was retained to represent Client G. Respondent failed to appear for Client G's trial. Both Client G and the judge's secretary made unsuccessful attempts to locate and contact Respondent.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.16 (Termination of Representation); Rule 3.2 (Expediting Litigation); Rule 3.4 (Fairness to Opposing Party and Counsel); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); and Rule 8.4(e) (Misconduct–Prejudice to the Administration of Justice).

### O. *Client H Matter*

Client H retained Respondent, and issued a check to Respondent for $2,000 as a retainer fee. Respondent negotiated the check, but did not put it in his trust account. Respondent met with Client H once, then failed to communicate with her, or take any action on her behalf. Respondent did not inform Client H that he was closing his law office. Respondent did not take any steps to protect Client H's interests upon termination of his representation of her. Respondent did not refund the retainer fee to Client H.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 1.5 (Fees); Rule 1.15 (Safekeeping of Property); Rule 1.16 (Termination of Representation); Rule 8.4(a) (Misconduct–Violation of Rules

of Professional Conduct); and Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Deceit and Misrepresentation).

## P. *The Bankruptcy Matter*

Respondent represented the estate of Ms. Roe. Client J was the personal representative of the estate. Client J filed bankruptcy in Florida. The trustee in Florida contacted Respondent multiple times, through letters and phone calls, asking Respondent to make any disbursements meant for Client J to the trustee, as Client J's inheritance was an asset of the bankruptcy estate. Respondent did not respond. Two years after Ms. Roe's death, Client J died. Respondent assured the bankruptcy trustee that the estate would be closing in four weeks, and the funds would be distributed to the trustee. The trustee did not receive a distribution. A year later, after multiple calls and letters from the trustee, Respondent finally contacted the trustee and informed him that a distribution of $30,000 would be made to the trustee within a few weeks. No distribution was made. The trustee wrote Respondent again. Respondent did not respond.

When Respondent left his firm to open a solo practice, he did not inform the trustee. When Respondent closed his solo practice, he failed to inform the trustee. Respondent's former law partner discovered $30,000 that was deposited into the trust account from the estate. Respondent requested the office manager wire transfer $16,000 to the trustee, however, Respondent altered the recipient and had the money transferred to another client. The funds did not belong to the client, and no funds were ever distributed to the trustee.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.3 (Diligence); Rule 1.15 (Safekeeping of Property); Rule 1.16 (Termination of Representation); Rule 3.2 (Expediting Litigation); Rule 3.3 (Candor to the Tribunal); Rule 4.1 (Truthfulness in Statements to Others); Rule 5.1 (Responsibilities of a Partner or Supervisory Lawyer); Rule 5.3 (Responsibilities Regarding Nonlawyer Assistants); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty,

Deceit and Misrepresentation); and Rule 8.4(e) (Misconduct–Prejudice to the Administration of Justice).

### Q. *Client K Matter*

Respondent represented Client K in a real estate closing. Client K signed over to Respondent a check for $170,000, proceeds from the sale of Client K's home, as well as an additional $38,000. Respondent was to place the funds in an interest bearing account and draw funds on the account to pay the contractor who was building Client K's home. Respondent closed his law office with no notice to Client K. Respondent did not pay the real estate agent, nor the contractor. Respondent did open an account on behalf of Client K, but only placed one dollar in the account. Respondent misappropriated and commingled Client K's money.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.15 (Safekeeping of Property); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); Rule 8.4(b) (Misconduct–Committing a Criminal Act); Rule 8.4(c) (Misconduct–Conduct Involving Moral Turpitude); Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Deceit and Misrepresentation); and Rule 8.4(e) (Misconduct–Prejudice to the Administration of Justice).

### R. *The Estate of R Matter*

Respondent represented the Estate of R. Respondent failed to competently pursue legal matters on behalf of the estate. Respondent did not return phone calls to the PR. After Respondent closed the law practice with his partner, he failed to notify the PR. After Respondent closed his solo practice, he failed to notify the PR. Respondent did not comply with repeated attempts of his former partner to obtain the file from Respondent. Respondent was placed on interim suspension and failed to notify the PR or the Probate Court of his suspension.

The subpanel found Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.1 (Competence); Rule 1.2 (Scope of Representation); Rule 1.3 (Diligence); Rule 1.4 (Communication); Rule 1.15 (Safekeep-

ing of Property); Rule 1.16 (Termination of Representation); Rule 8.4(a) (Misconduct–Violation of Rules of Professional Conduct); and Rule 8.4(d) (Misconduct–Conduct Involving Dishonesty, Deceit and Misrepresentation).

## S. *Failure to Cooperate with Disciplinary Authorities*

Respondent did not respond to inquiries from the Office of Disciplinary Counsel (ODC). Respondent did have some contact, early in the proceedings, with the ODC, but failed to keep scheduled appointments and did not respond to the Notices of Full Investigation or Notices to Appear.

The subpanel found Respondent violated the following Rule of Professional Conduct found in Rule 407, SCACR: Rule 8.1(b) (Bar Admission and Disciplinary Matters).

■ Respondent did not present any evidence of mitigation. Respondent did assert he was suffering from depression and seeking treatment, however Respondent did not appear at meetings with ODC scheduled for the purpose of discussing his mental condition. The subpanel found no evidence that would support a finding of depression that would mitigate Respondent's conduct in this matter.

The subpanel recommended that Respondent be disbarred based upon the egregious nature of the misconduct; the significant financial losses to Respondent's clients, former law partner and other parties; the pattern of misconduct; the failure of Respondent to cooperate with the disciplinary investigation; and the failure of Respondent to appear at the hearing. As authority for its recommendation, ODC cites to *In the Matter of Morris,* 343 S.C. 651, 541 S.E.2d 844 (2001); *In the Matter of Murph,* 350 S.C. 1, 564 S.E.2d 673 (2002); *In the Matter of Purvis,* 347 S.C. 605, 557 S.E.2d 651 (2001) and *In the Matter of Murdaugh,* 342 S.C. 59, 536 S.E.2d 370 (2000). The subpanel also recommended that the opinion disciplining Respondent include a provision that Respondent is not to be reinstated or readmitted until he has compensated all persons or entities who have suffered financial losses as a result of Respondent's misconduct, including but not limited to Respondent's clients, his former partner, the title insurance company, and the Lawyer's Fund for Client Protection.

The subpanel also recommended that Respondent be assessed the costs of these proceedings pursuant to Rule 7(b)(8), RLDE. The costs incurred were $271.45.

## CONCLUSION

The authority to discipline attorneys and the manner in which discipline is given rests entirely with the Supreme Court. *In re Long,* 346 S.C. 110, 551 S.E.2d 586 (2001). The Court may make its own findings of fact and conclusions of law, and is not bound by the Panel's recommendation. *In re Larkin,* 336 S.C. 366, 520 S.E.2d 804 (1999). The Court must administer the sanction it deems appropriate after a thorough review of the record. *Id.*

We disbar Respondent from the practice of law in this state. Within thirty days of the date of this opinion, Disciplinary Counsel and Respondent shall establish a restitution schedule pursuant to which Respondent shall make restitution to all persons and entities who have suffered financial losses as a result of Respondent's misconduct, including but not limited to Respondent's clients, his former partner, the title insurance company, and the Lawyer's Fund for Client Protection. Failure to make restitution in accordance with this opinion and the restitution plan may result in Respondent being held in contempt of this Court. Respondent shall not apply for readmission until restitution has been paid in full.

Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, shall surrender his Certificate of Admission to the Practice of Law to the Clerk of Court, and shall pay the costs associated with this matter.

**DISBARRED.**

MOORE, A.C.J., WALLER, BURNETT, PLEICONES, JJ., and Acting Justice L. CASEY MANNING, concur.