711 S.E.2d 890

**In the Matter of William Edwin GRIFFIN, Respondent.**

**No. 26983.**

Supreme Court of South Carolina.

Submitted May 16, 2011.

Decided June 13, 2011.

---

1. Petitioner is also subject to the requirements of the Lawyer Mentoring Second Pilot Program.

Lesley M. Coggiola Disciplinary Counsel, and C. Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

William Edwin Griffin, of Columbia, pro se.

PER CURIAM.

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to the imposition of either an admonition or public reprimand. In addition, respondent agrees to pay the costs incurred in the investigation and prosecution of this matter. We accept the agreement, issue a public reprimand, and order respondent to pay the costs in this matter. The facts, as set forth in the agreement, are as follows.

### *FACTS*

#### *Matter I*

On December 3, 2003, the firm of Likens & Blomquist conducted a real estate closing. Complainants A and B were the sellers in the transaction. The closing was "split" because Complainants A and B executed the closing documents in the morning and the buyers executed the closing documents later in the evening.

After a delay in the receipt of their closing proceeds, Complainants A and B contacted ODC with concerns about possible misappropriation. After several telephone conversations between Likens & Blomquist and ODC, receipt of the original closing documents from the buyers, and confirmation of funds from the lender, Complainants A and B received their closing proceeds on December 10, 2003.

During the investigation, ODC contacted respondent upon the belief that he was the supervising attorney for the associate who was the actual closing attorney. In a telephone conversation and in his initial written response to ODC, respondent stated he had reviewed the lender's documents and the documents prepared by his staff. ODC made it clear to respondent that it was asking questions concerning the conduct in the closing for Complainants A and B. Respondent admits his original statements were not accurate as to his involvement in the closing for Complainants A and B. Respondent now states that the only role he had in the closing was in discussions with Likens & Blomquist and ODC after the closing took place.

Respondent admits he made the misrepresentation because he was frightened about being implicated in an ODC investigation. Respondent understands he has an obligation to be completely truthful in connection with a disciplinary matter.

#### *Matter II*

In the process of negotiating a settlement on behalf of a client, respondent sent an October 20, 2004, letter to the opposing party specifying his client's final offer. The opposing party was a South Carolina licensed attorney who had been involved in a real estate transaction with respondent's

client. Part of the settlement proposal was that respondent's client would execute an agreement that she would not report alleged unprofessional conduct by the opposing party. To further emphasize this provision of the settlement, respondent wrote that he believed that the settlement was "the best course of action to remedy the situation without having to notify the South Carolina Bar Association." Respondent acknowledges that it was improper to threaten to report a disciplinary matter in order to obtain an advantage in a civil matter.

## *Matter III*

Respondent was the closing attorney for a real estate transaction that occurred on May 31, 2006. According to the Settlement Statement, respondent was to withhold $2,300 from the seller for disbursement to the Homeowner's Association for an insurance assessment. The assessment was to be paid by June 15, 2006, or late charges would be added.

On or about December 22, 2006, Complainant C, the buyer in the transaction, was notified by the Homeowner's Association that the assessment had not been paid. Complainant C obtained the assistance of another attorney to contact respondent to determine why the monies had not been disbursed as set forth by the Settlement Statement. On or about January 17, 2007, respondent paid the insurance assessment and late charges to Complainant C.

In addition, according to the Settlement Statement, respondent was to withhold $5,259.94 from the seller for disbursement to the South Carolina Department of Revenue. The monies payable to the Department of Revenue were not received in a timely manner.

Respondent maintains that, after the closing, he permitted his paralegal to make the disbursements from his trust account consistent with the Settlement Statement. Respondent acknowledges he did not adequately supervise the disbursements. In addition, he acknowledges that he did not reconcile his trust account as required under Rule 417, SCACR, which prevented him from discovering the errors more quickly. Respondent has now paid the overdue tax monies to the Department of Revenue.

*Matter IV*

On June 29, 2009, respondent conducted a real estate closing in which Complainant D was refinancing his current mortgages. Lend America was the lender in this transaction. Respondent was retained by Carolina Attorney Network Services to perform the closing.

After the closing, respondent forwarded the executed documents to Lend America for disbursement and recordation of the new mortgage. Respondent did not record the new mortgage and failed to take any affirmative action to confirm that the mortgage was properly recorded. Respondent represents that he did request the appropriate disbursement documents from Carolina Attorney Network Services. The initial mortgages were not paid off by Lend America until August 3, 2009.

Respondent was not informed of the difficulties with the closing until he was contacted by Complainant D on September 8, 2009. Respondent attempted to assist in resolving Complainant D's issues with Lend America until Complainant D indicated that he wanted respondent to bring a lawsuit against Lend America. Respondent informed Complainant D that he would have to retain new counsel.

## *LAW*

Respondent admits that, by his misconduct, he has violated the Rules of Professional Conduct, Rule 407, SCACR, particularly Rule 1.15 (lawyer shall safe keep client property), Rule 4.5 (lawyer shall not threaten to present professional disciplinary charges solely to obtain an advantage in a civil matter), and Rule 8.1(a) (lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter). In addition, respondent further admits that he violated the recordkeeping provisions of Rule 417, SCACR. Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct. In addition, respondent shall pay the costs associated with the investigation and prosecution of this matter.

**PUBLIC REPRIMAND.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.