# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of William Edwin Griffin, Respondent.

Appellate Case No. 2022-001120

Opinion No. 28124
Submitted December 2, 2022 – Filed December 14, 2022

### DISBARRED

Disciplinary Counsel John S. Nichols and Senior
Assistant Disciplinary Counsel Ericka M. Williams, both
of Columbia, for the Office of Disciplinary Counsel.

William Edwin Griffin, of Columbia, Pro Se.

**PER CURIAM:**  In this attorney disciplinary matter, Respondent William Edwin
Griffin failed to respond to allegations that funds were missing from his trust
account and failed to cooperate with the disciplinary investigation or the receiver
appointed to protect his clients' interests.  Respondent also failed to respond to the
formal charges filed against him and failed to appear at a hearing before a panel of
the Commission on Lawyer Conduct.  Following the hearing, the Commission
issued a report recommending Respondent be disbarred.  No exceptions were filed.
We concur in the Commission's recommendation, and we disbar Respondent.

## I.

Respondent was admitted to practice law in 2002 and most recently worked as a
solo practitioner handling real estate transactions, among other things.  His

disciplinary history includes a 2011 public reprimand for financial misconduct involving real estate transactions.[1]

On September 30, 2016, Client A retained Respondent to assist her with a purchase of real estate. Client A gave Respondent a guaranteed-funds check dated November 2, 2016, as payment for the real estate purchase. The check was made payable to Respondent in the amount of $8,969. Respondent deposited the check into his trust account on November 2, 2016. The balance in Respondent's trust account prior the deposit was $0.15. Between November 14, 2016, and November 30, 2016, Respondent negotiated nine checks made payable to himself totaling $365.

On December 1, 2016, Respondent issued a check from his trust account in the amount of $8,969 to the seller. At the time Respondent issued that check, the balance in his trust account was only $8,604.15. The seller presented the check for payment on December 8, 2016, and again on December 15, 2016. Both times, the check was returned unpaid, as Respondent had insufficient funds in his trust account to cover the check. By letters dated December 9, 2016, and December 16, 2016, the bank notified the Office of Disciplinary Counsel (ODC) that Respondent's trust account contained insufficient funds. Client A also filed a complaint with ODC on December 15, 2016.

ODC issued notices of investigation on December 15, 2016, and December 19, 2016, both of which were mailed to Respondent's address in the Attorney Information System (AIS). Respondent failed to respond to the notices of investigation, despite being served with reminder letters pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982).

From December 2016 through March 2017, Respondent repeatedly misappropriated trust funds by writing a series of checks from his escrow account totaling $8,175.58 made payable to himself and other unauthorized entities. As of March 31, 2017, the balance in Respondent's trust account was $356.57. Respondent never properly disbursed funds to the seller in the real estate

---

[1] *See In re Griffin*, 393 S.C. 142, 711 S.E.2d 890 (2011) (citing Rule 1.15 (requiring the safekeeping of client property); Rule 4.5 (prohibiting threats of disciplinary complaints to gain advantage in a civil proceeding); Rule 8.1(a) (prohibiting false statements of material fact in connection with a disciplinary matter); and Rule 417, SCACR, (requiring proper financial recordkeeping)).

transaction.[2]

On March 8, 2017, Respondent was placed on interim suspension, and a receiver was appointed to protect his clients' interests.[3] *In re Griffin*, 419 S.C. 260, 797 S.E.2d 534 (2017). All of the receiver's attempts to contact Respondent were unsuccessful. On March 30, 2017, the Commission issued an order directing Respondent to cooperate with the receiver within five days. Respondent failed to cooperate with the receiver and failed to produce any client files or trust account records.[4]

ODC issued a notice of investigation regarding Respondent's failure to cooperate with the receiver on July 27, 2017, and a supplemental notice of investigation on March 30, 2021. Respondent again failed to respond to either notice, despite being served with a *Treacy* reminder letter.

Formal charges were filed on June 17, 2021, and Respondent was personally served with a copy of those charges by an agent of the South Carolina Law Enforcement Division (SLED). Respondent failed to file an answer, and on August 23, 2021, the Commission issued an order finding him in default. On December 21, 2021, SLED personally served Respondent with a notice of hearing and order to appear before the Commission on January 27, 2022.

Respondent failed to appear for the hearing, and on August 10, 2022, the Commission issued a report finding Respondent had committed misconduct as alleged in the formal charges and recommending Respondent be disbarred. In evaluating the proper sanction, the Commission considered the severity of Respondent's misconduct and the resulting harm to Client A, along with various

---

[2] Client A filed a claim with the Lawyers' Fund for Client Protection, which reimbursed her in the amount of $9,139 on June 7, 2017.

[3] Additionally, Respondent was placed on administrative suspension on February 21, 2017, and April 20, 2017, for failing to pay his annual license fees and failing to comply with annual CLE requirements, respectively. *See In re Admin. Suspensions for Failure to Pay License Fees*, S.C. Sup. Ct. Order dated Feb. 21, 2017; *In re Admin. Suspensions for Failure to Comply with Continuing Legal Educ. Requirements*, S.C. Sup. Ct. Order dated Apr. 20, 2017.

[4] ODC issued a subpoena to Respondent's bank to obtain copies of Respondent's banking records from November 1, 2016, through March 31, 2017.

aggravating circumstances including: (1) Respondent's prior disciplinary history involving violations of some of the same Rules of Professional Conduct; (2) Respondent's dishonest and selfish motive in knowingly misappropriating client funds from his trust account for his own personal use; and (3) Respondent's bad-faith obstruction of the proceedings by intentionally failing to cooperate with ODC's investigation; failing to cooperate with the receiver; failing to comply with an order of the Commission; failing to answer the formal charges; and failing to appear at the hearing before the Commission.

The Commission's report was filed with this Court on August 15, 2022. On August 19, 2022, a SLED agent personally served Respondent with a copy of the Commission's report recommending disbarment, along with a letter directing the parties' attention to Rule 27, RLDE, concerning briefing schedules and review by this Court. Neither ODC nor Respondent filed exceptions to the report.

## II.

An attorney's failure to answer formal charges is an admission of the factual allegations set forth in those charges. Rule 24(a), RLDE, Rule 413, SCACR. Similarly, an attorney's failure to appear before the hearing panel of the Commission when ordered to do so is an admission of the factual allegations that were the subject of the hearing. Rule 24(b), RLDE, Rule 413, SCACR. Further, after the Commission's report is filed with this Court, a party's failure "to file a brief taking exceptions to the report constitutes acceptance of the findings of fact, conclusions of law, and recommendations." Rule 27(a), RLDE, Rule 413, SCACR.

As a result of the foregoing, we accept the Commission's factual findings as set forth above. We further conclude that in misappropriating Client A's funds from his trust account and failing to properly disburse those funds to the seller in the real estate transaction, Respondent violated the following Rules of Professional Conduct found in Rule 407, SCACR: Rule 1.15(a) (requiring the safeguarding of client funds); Rule 1.15(d) (requiring a lawyer to promptly deliver funds a third party is entitled to receive); Rule 8.4(b) (prohibiting criminal acts that reflect adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer); Rule 8.4(d) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice). We also find that in failing to cooperate with the disciplinary investigation and failing to file written responses to the notices of investigation, Respondent violated Rule 8.1(b), RPC (prohibiting knowing failures

to respond to lawful ODC inquiries).  Additionally, in failing to cooperate with the receiver and failing to turn over client files to the receiver, we find Respondent violated Rule 1.16(d), RPC (requiring a lawyer, upon termination of representation, to surrender papers and property to which clients are entitled); Rule 8.4(e), RPC (prohibiting conduct prejudicial to the administration of justice); and Rule 30(g), RLDE, Rule 413, SCACR (requiring a suspended lawyer to cooperate with the receiver and comply with the receiver's requests to take specific actions regarding client files and accounts).

We further find Respondent committed misconduct as proscribed by the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR:  Rule 7(a)(1) (prohibiting violations of the Rules of Professional Conduct); Rule 7(a)(3) (prohibiting willful violations of orders of the Commission and knowing failures to respond to lawful demands from ODC); and Rule 7(a)(5) (prohibiting conduct tending to bring the legal profession into disrepute and conduct demonstrating an unfitness to practice law).

### III.

A "central purpose of the disciplinary process is to protect the public from unscrupulous and indifferent lawyers." *In re Davidson*, 409 S.C. 321, 328, 762 S.E.2d 556, 559 (2014).  An attorney who fails to answer charges or appear to defend or explain alleged misconduct is obviously disinterested in the practice of law and is likely to face the most severe of sanctions.  *Id*. at 329, 762 S.E.2d at 560; *see also In re Sifly*, 279 S.C. 113, 115, 302 S.E.2d 858, 859 (1983) (observing that a lawyer's failure to participate in a disciplinary process is entitled to substantial weight in determining the sanction).

"This Court has made it abundantly clear than an attorney is charged with a special responsibility in maintaining and preserving the integrity of trust funds." *In re Hardee-Thomas*, 391 S.C. 451, 457, 706 S.E.2d 507, 510 (2011) (citation omitted).  We have "never regarded financial misconduct lightly, particularly when such misconduct concerns expenditure of client funds or other improper use of trust funds." *In re Wern*, 431 S.C. 643, 649, 849 S.E.2d 898, 901 (2020) (citation omitted) (disbarring attorney for using client funds held in trust for his own personal purposes).  Indeed, this Court often disbars attorneys who misappropriate client funds from trust.  *See, e.g.*, *In re Murdaugh*, 342 S.C. 59, 61–62, 536 S.E.2d 370, 371 (2000) (disbarring attorney who misappropriated client funds, diverted them to her own use, and failed to return client files and cooperate with the attorney appointed to protect client interests); *In re Hendricks*, 319 S.C. 465, 468,

462 S.E.2d 286, 287 (1995) (disbarring attorney who misappropriated client funds and diverted them to his personal use).

Based on the severity of Respondent's misconduct, the resulting harm to Client A, and the aggravating circumstances, particularly Respondent's failure to respond or participate in the disciplinary proceedings, we hereby disbar Respondent from the practice of law.  Prior to seeking readmission to the practice of law, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission and make full restitution, including reimbursing the Lawyers' Fund for Client Protection for all payments made on his behalf.  Within fifteen days of the date of this opinion, Respondent shall: (1) file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR; and (2) surrender his Certificate of Admission to the Practice of Law to the Clerk of this Court.

**DISBARRED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**